**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM DIVISION**

**Case No. __________**

KAREN COOK,

*Plaintiff*,

v.

JOHNSON & JOHNSON INC; JOHNSON & JOHNSON CONSUMER, INC. f/k/a JOHNSON & JOHNSON CONSUMER COMPANIES, INC.; and LTL MANAGEMENT LLC,

*Defendants*.

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Johnson & Johnson Inc. ("Johnson & Johnson") and Johnson & Johnson Consumer, Inc. f/k/a Johnson & Johnson Consumer Companies, Inc. ("JJCI") hereby remove this case from Palm Beach County Circuit Court to the United States District Court for the Southern District of Florida.[1] This Court has jurisdiction because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. Plaintiff Karen Cook ("Plaintiff") consents to this removal, and all procedural requirements for removal have been satisfied or otherwise waived by Plaintiff.[2]

---

[1] While Johnson & Johnson and JJCI are the removing parties, all Defendants to this action consent to removal.

[2] "The requirement that removal be timely is procedural and may therefore be waived." *McDowell v. Family Dollar Stores of Fla., LLC*, 2023 WL 2974216, at *1 n.1 (M.D. Fla. Apr. 17, 2023) (citing *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296-97 (11th Cir. 2009)). Here, Plaintiff consents to this removal and waives the right to file a motion to seek remand based upon untimeliness (or any other procedural defect). And in any event, this case should proceed before the Court because a "district court may not *sua sponte* decide to remand a case based upon a procedural defect." *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1245 (11th Cir. 2004). Instead, the Court "must wait for a party's motion before remanding a case

**PROCEDURAL HISTORY**

1. Plaintiff filed her Complaint in the Fifteenth Judicial Circuit, in and for Palm Beach County, State of Florida, alleging that her use of Johnson's Baby Powder caused her ovarian cancer. *See* Complaint, attached as Exhibit A.

2. Originally, Plaintiff named Defendants Johnson & Johnson, JJCI, and LTL Management LLC, as well as Publix Super Markets, Inc., Johnson & Johnson Holdco, Inc., Kenvue, Inc., and Janssen Pharmaceuticals, Inc.

3. Publix Super Markets, Inc. is a Florida citizen so, at the time of filing, diversity jurisdiction did not exist.

4. After having previously filed a Notice of Voluntary Dismissal as to Johnson & Johnson Holdco (NA) Inc., Kenvue Inc., and Janssen Pharmaceuticals, Inc., Plaintiff also filed a Notice of Voluntary Dismissal as to Publix Supermarkets, Inc. on August 28, 2025, leaving only Johnson & Johnson, JJCI, and LTL Management LLC as defendants and creating diversity jurisdiction.

5. Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Johnson & Johnson and JJCI hereby remove this case from Palm Beach County Circuit Court to the United States District Court for the Southern District of Florida. This Court has jurisdiction because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all documents currently in the state court file are attached hereto.

---

based on [a] procedural defect." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1320-21 (11th Cir. 2001). Plaintiff will not file any such motion, therefore this case has been properly removed.

**THE PARTIES ARE DIVERSE**

7. Plaintiff is a resident of Palm Beach County, Florida. *See* Compl. ¶ 2. Although Plaintiff only alleges her residence, her citizenship in Florida can likewise be presumed. A party's residence is prima facie evidence of domicile and citizenship. *See Katz v. J.C. Penney Corp., Inc.*, Case No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705 (S.D. Fla., June 1, 2009) (noting "a party's residence is prima facie evidence of a party's domicile … [and] a party's domicile is equivalent to his citizenship"); *see also Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984) (same). Moreover, Plaintiff alleges that her injuries occurred in Palm Beach County (Compl. ¶ 37) that her cause of action accrued in Palm Beach County (Compl. ¶ 37), and she chose to initiate this action in Palm Beach County. Thus, Plaintiff is a citizen of Florida, for diversity jurisdiction purposes.

8. Defendant Johnson & Johnson is incorporated under the laws of the state of Delaware, with its principal place of business in New Jersey. *See* Compl. ¶ 4.

9. Accordingly, Defendant Johnson & Johnson is a citizen of the states of Delaware and New Jersey.

10. Defendant JJCI is incorporated under the laws of the state of New Jersey, with its principal place of business in New Jersey. *See* Compl. ¶ 6.

11. Accordingly, Defendant JJCI is a citizen of New Jersey.

12. Defendant LTL Management LLC (n/k/a LLT Management LLC) no longer exists. However, when LTL Management LLC did previously exist, it was a limited liability company. The citizenship of an LLC is determined by the citizenship of its members. LTL Management had one member—Johnson & Johnson Holdco, Inc.—which is a New Jersey corporation with its principal place in New Jersey. Compl. ¶ 14.

13. Based on the citizenship of its members, to the extent it still exists (which it does not), LTL Management LLC is a citizen of New Jersey. Compl. ¶ 14.

14. Based on the foregoing, complete diversity exists between the parties.

## AMOUNT IN CONTROVERSY

15. Courts in the Eleventh Circuit are permitted to "employ[] judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). Here, Plaintiff's Complaint alleges that it is an "action for damages that exceeds $50,000, exclusive of interest and costs." Compl. ¶ 1. In fact, the amount in controversy exceeds $75,000. Plaintiff claims that she was diagnosed with ovarian cancer in 2023 as a result of using Johnson Baby Powder. Compl. ¶ 38. Plaintiff claims that, as a result, she was "seriously and severely injured in and about the body and thereby rendered sick, sore, lame, and otherwise disabled." *See, e.g.*, Compl. ¶ 129. Moreover, Plaintiff alleges that she "has suffered and will suffer great pain and anguish of body and mind, and loss of capacity for the enjoyment of life, all of which conditions are permanent or continuing in nature." Compl. ¶ 129. Plaintiff further alleges that she has "in the past undergone and will in the future undergo medical care and treatment and has in the past incurred and will in the future incur medical bills and expenses[.]" Compl. ¶ 130. Plaintiff also alleges that she "has and will sustain loss of earnings and earning capacity." Compl. ¶ 131.

16. Plaintiff therefore seeks compensatory damages, consequential damages, interest, costs, and attorneys' fees. Compl. ¶ 132.

17. Based on the above, the amount in controversy exceeds $75,000, exclusive of interests and costs.

## REMOVAL IS OTHERWISE PROPER

18. Based on the forgoing, this Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.[3]

19. This notice of removal is filed within 30 days of the case becoming removable, *i.e.*, within 30 days of Plaintiff's Notice of Voluntary Dismissal dropping the Florida-citizen defendant Publix Super Markets, Inc.

20. Though this case was first filed more than one year ago, to the extent the removal may be considered untimely, "[t]he requirement that removal be timely is procedural and may therefore be waived." *McDowell*, 2023 WL 2974216, at *1 n.1 (internal citations omitted). Plaintiff has waived objection to timeliness of this removal.

21. All remaining defendants either join in or consent to this removal.

22. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorney of record, and is being filed with the Clerk of the Palm Beach County Circuit Court Clerk's Office.

23. In filing this Notice of Removal, Defendants do not waive and expressly reserve any defenses available to them.

24. By removing this action from Palm Beach County Circuit Court, Defendants do not admit any of the allegations in Plaintiff's Complaint.

---

[3] Following removal, Defendants anticipate noticing this case as a tag-along action to MDL Case Number 3:16-md-02738-MAS-RLS, pending in the District of New Jersey.

**WHEREFORE**, Defendants remove the above-captioned action from Palm Beach County Circuit Court, State of Florida, under Case 50-2023-CA-013486-XXXAMB, to the United States District Court for the Southern District of Florida.

Dated: September 26, 2025

Respectfully submitted,

**KIRLAND & ELLIS LLP**

/s/ *Paige S. Comparato*
Joshua T. Fordin
Florida Bar No. 125219
Paige S. Comparato
Florida Bar No. 1002942
josh.fordin@kirkland.com
paige.comparato@kirkland.com

*Counsel for Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of September, 2025, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to any counsel of record.

__/s/ *Paige S. Comparato*
Paige S. Comparato